### F. W. FITCH CO. v. CAMILLE, Inc.

District Court, S. D. New York.

March 26, 1940.

Lewis G. Bernstein, of New York City (Samuel Stephen Baker, of New York City, of counsel), for plaintiff.

Harry G. Grossman, of New York City, for defendant.

HULBERT, District Judge

This is an action for declaratory judgment in respect to trade-mark infringement and unfair competition.

Defendant seeks leave to file and serve a supplemental answer and the plaintiff's objection thereto is that such supplemental answer will be subject to a motion to strike.

This action was commenced September 29, 1939, and thereafter an order was made restraining defendant during the pendency of this action from representing to the trade that the product of the plaintiff infringes upon the product of the defendant and from threatening dealers or anyone who handles, or may handle plaintiff's product, with legal or other action.

The parties are competitors and market a preparation to prevent runs in hosiery. Camille, Inc, uses the trade-mark "Run-R-Stop" and Fitch Company used the trademark "Stop-A-Run".

A previous action was instituted by Camille, Inc. (the defendant herein), against F. W. Fitch Company (plaintiff herein) in the United States District Court for the Southern District of Iowa, Central Division, and the Fitch Company was enjoined in that action, among other things: "(5) from using a container simulating the general appearance or dress of package of plaintiff's 'Run-R-Stop' preparation."

The decision of the District Court will be found in volume 27 F.Supp. 752, the affirming decision of the United States Circuit Court of Appeals in 8 Cir., 106 F.2d 635.

During the pendency of its appeal, the Fitch Company made a slight change in the appearance of its container using "Fiks-O" instead of "Stop-A-Run".

On November 20, 1939 (after the institution of this action), the Fitch Company, its president and vice president, were held in contempt of court in the Iowa case for "having knowingly violated the decree of this court: (a) in using a container simulating the general appearance or dress of package of plaintiff's 'Run-R-Stop' preparation; and (b) in using counter display cards simulating the general appearance of plaintiff's counter display cards advertising and displaying its 'Run-R-Stop' product."

The Fitch Company and its President and Vice President, respectively, have paid the fines imposed upon them and the time limit within which they could have appealed has expired and no appeal was taken. Thereupon, the Fitch Company discontinued the use of the designation "Fiks-O", but still market their product in a container which Camille, Inc., claims to be in simulation of its own, and in violation of its said injunction. The contempt proceeding and the change in the container in which the Fitch Company continue to market its product have occurred since the filing of the answer of Camille, Inc., in the pending action. The supplemental answer for which leave is sought to file, alleges that the matters and things complained of in the bill of complaint in the pending action are res adjudicata. That is a matter of proof, and, it seems to me, that Camille, Inc., ought to have an opportunity, through proper amendment, to offer it upon the trial of this action. The denial of this motion might otherwise result in Fitch Company being permitted to do in this District what it has been enjoined from doing in Iowa. In accordance with the spirit of Rule 15, F.R.C.P., 28 U.S.C.A. following section

723c, that leave to amend "shall be freely given when justice so requires", the motion is granted. Settle order.